# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MARK REYNA,                                      ) 1:09cv070 AWI DLB
                                                 )
                                                 )
                                                 ) ORDER REQUIRING PLAINTIFF
                         Plaintiff,              ) TO SUBMIT PROPOSED SECOND
                                                 ) AMENDED COMPLAINT
         v.                                      )
                                                 )
GALLO WINERY,                                    )
                                                 )
                                                 )
                                                 )
                         Defendant.              )
_____            )

On February 6, 2009, Plaintiff Mark Reyna ("Plaintiff") filed the instant Motions to

Amend the Complaint and Remand the Action. The matter was heard on March 27, 2009, before

the Honorable Dennis L. Beck, United States Magistrate Judge. Mina Ramirez appeared on

behalf of Plaintiff. Katherine Boyd appeared on behalf of Defendant Gallo Winery

("Defendant").

## BACKGROUND

Plaintiff filed the underlying employment action in Stanislaus Superior Court on July 23,

2008. Defendant removed the action to this Court on January 8, 2009, based on Section 301(a)

of the Labor Management Relations Act, 29 U.S.C. § 141, et seq. ("LMRA"). Defendant

answered the complaint on January 13, 2009.

On February 6, 2009, Plaintiff filed Motions to File a First Amended Complaint ("FAC")

and Remand the Action. His Motion to Remand is predicated on the assumption that the Court

1  will grant his Motion to File a FAC

2  Defendant opposed the motions on March 13, 2009, and Plaintiff filed his replies on

3  March 20, 2009.

4  **ALLEGATIONS AND CAUSES OF ACTION**

5  According to the complaint, Plaintiff began his employment with Defendant in July 2000

6  as a line worker.  He was a member of the United Food and Commercial Workers International

7  Union, Local 186D ("UFCW") and his employment was covered by a Memorandum of

8  Understanding ("MOU").

9  During his employment, Plaintiff suffered a wrist injury and was certified for leave under

10  the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA") and the California

11  Family Rights Act, Cal. Gov. Code § 12945.2 ("CFRA").  He further alleges that his girlfriend

12  (and later, his wife), who was also employed by Defendant, was diagnosed with cancer and

13  Plaintiff was allowed FMLA/CFRA leave to care for her in June 2006.  Plaintiff alleges that

14  Defendant made it difficult for him to take his leave.

15  After being off for a month, Plaintiff returned to work under a new team leader who he

16  alleges intentionally assigned him tasks that he could not do.  On numerous occasions, Plaintiff

17  requested time off after caring for his wife or working many days in a row.  His requests were

18  refused and he was forced to perform tasks that his team leader knew he could not do.  On two

19  occasions, Plaintiff attempted to perform the tasks but could not and left work.  Plaintiff alleges

20  that the team leader refused to reassign him and refused to contact a union representative or

21  human resources manager.  On August 23, 2006, Plaintiff was called to the office to discuss

22  "FMLA fraud" and his work badge was taken.

23  Based on these allegations, Plaintiff states causes of action for (1) termination in violation

24  of public policy (FMLA/CFRA); (2) employment discrimination under the Fair Employment and

25  Housing Act, Cal. Gov. Code § 12900, et seq. ("FEHA"); (3) breach of contract based on the

26  MOU; (4) breach of the implied covenant of good faith and fair dealing based on the MOU; (5)

27  intentional infliction of emotional distress based on deprivation of rights under FEHA and

28  CFRA; (6) violations of CFRA; (7) failure to take reasonable steps to end discrimination under

FEHA; and (8) prohibited business practices under Cal. Bus. & Prof. Code § 17200, et seq.

Plaintiff requests monetary damages and injunctive relief.

**DISCUSSION**

A.  Section 301 Preemption

Section 301(a) of the LMRA establishes federal jurisdiction for "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a).  Federal law governs suits for breach of a CBA under the LMRA, which therefore completely preempts any state cause of action for breach thereof.  Franchise Tax Bd. Of State of Cal. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 23 (1983); Cook v. Lindsay Olive Growers, 911 F.2d 233, 237 (9th Cir.1990).  "Even suits based on torts, rather than on breach of collective bargaining agreements, are governed by federal law if their evaluation is 'inextricably intertwined with consideration of the terms of [a] labor contract.'"  Miller v. AT & T Network Systems, 850 F.2d 543, 545 (9th Cir.1988) (quoting Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985)).

The LMRA does not, however, preempt the application of a state law remedy when the "factual inquiry [under the state law] does not turn on the meaning of any provision of a collective bargaining agreement." Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399, 407 (1988).[1]  Thus, claims that only "tangentially involv[e]" a provision of a collective-bargaining agreement are not preempted by section 301 . . .  Nor are causes of action which assert "'nonnegotiable state-law rights  . . .  independent of any right established by contract.'"  Miller v. AT & T Network Sys., supra, 850 F.2d at 546.

In Miller, 850 F.2d at 548, the court articulated the following analysis for determining whether claims based on "nonnegotiable" and "independent" state law rights are subject to preemption:

---

[1] The issue in *Lingle* was "whether an employee covered by a collective-bargaining agreement that provides her with a contractual remedy for discharge without just cause may enforce her state law remedy for retaliatory discharge." *Lingle*, 486 U.S. at 401. Reversing the court of appeals' finding of preemption, the Court noted that the elements constituting retaliatory discharge under Illinois law pertained to the conduct of the employee and the conduct and motivation of the employer.  To defend against a retaliatory discharge claim, an employer must show that it had a nonretaliatory reason for the discharge; this purely factual inquiry does not turn on the meaning of any provision of a collective-bargaining agreement. *Id*. at 407.

3

The court must consider (1) whether the CBA contains provisions that govern the actions giving rise to a state claim, and if so, (2) whether the state has articulated a standard sufficiently clear that the state claim can be evaluated without considering the overlapping provisions of the CBA, and (3) whether the state has shown an intent not to allow its prohibition to be altered or removed by private contract. A state law will be preempted only if the answer to the first question is 'yes,' and the answer to either the second or third is 'no.'

Following this body of authority, the Ninth Circuit has explicitly recognized that a claim is not preempted by Section 301 if it merely requires reference to, as opposed to interpretation of, the provisions of a CBA. See, e.g., Beals v. Kiewit Pacific Co., Inc., 114 F.3d 892, 895 (9th Cir.1997); Associated Builders & Contractors, Inc. v. Local 302 Int'l Brotherhood of Electrical Workers, 109 F.3d 1353, 1357 (9th Cir.1997); Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 749 (9th Cir.1993) ("Fox errs in equating 'reference' with 'interpret'").

The Ninth Circuit has also held on several occasions that the LMRA does not preempt discrimination claims under FEHA in that the rights created thereunder are non-negotiable and independent of rights under a CBA. See Ramirez v. Fox Television Station, Inc., supra, (finding no preemption of a FEHA national origin discrimination claim); Cook v. Lindsay Olive Growers, 911 F.2d 233, 240 (9th Cir.1990) (finding no preemption of a FEHA religious discrimination claim); Jackson v. Southern Cal. Gas Co., 881 F.2d 638, 644 (9th Cir.1989) (finding no preemption of a FEHA racial discrimination claim); Chmiel v. Beverly Wilshire Hotel Co., 873 F.2d 1283, 1286 (9th Cir.1989) (finding no preemption of a FEHA age discrimination claim); Ackerman v. Western Elec. Co., Inc., 860 F.2d 1514, 1517 (9th Cir. 1988) (finding no preemption of disability discrimination claim under FEHA, despite a broad provision in the CBA prohibiting discriminatory discharge, where resolution of state law claim did not require reference to terms of the CBA).

Recognizing the lack of a black and white rule, the Ninth Circuit has commented,

The demarcation between preempted claims and those that survive § 301's reach is not, however, a line that lends itself to analytical precision. As the Supreme Court acknowledged in Livadas, "[T]he Courts of Appeals have not been entirely uniform in their understanding and application of the principles set down in Lingle and [Allis-Chalmers]." Id. at 124 n. 18, 114 S.Ct. 2068. And little wonder. "Substantial dependence" on a CBA is an inexact concept, turning on the specific facts of each case, and the distinction between "looking to" a CBA and "interpreting" it is not always clear or amenable to a bright-line test. See Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1108-09 (9th Cir.2000); Ramirez v. Fox Television Station, Inc., 998 F.2d

4

743, 748 (9th Cir.1993). Nevertheless, the interpretive principles the Supreme Court has articulated help guide us through the analytical thicket.

Cramer v. Consolidated Freightways, Inc., 255 F.3d 683, 690 (9th Cir. 2001).

B.      Analysis

There is no question that removal jurisdiction existed based on the original complaint filed by Plaintiff in state court. Plaintiff has submitted a proposed FAC in an attempt to excise any allegations and/or claims that would require interpretation of the MOU and thus preempt his action. However, as discussed at the hearing, Plaintiff's FAC does not unequivocally extract allegations that could result in preemption. Given the lack of a bright line rule in cases involving section 301 preemption, the Court ORDERS Plaintiff to submit a proposed Second Amended Complaint ("SAC") that evidences Plaintiff's clear intent to allege only violations of state statutory law rather than breach of contract claims.

Specifically, Plaintiff must delete any references that either directly or indirectly involve the MOU and/or Plaintiff's rights thereunder. This includes Plaintiff's right to union representation, his references to "breach of contract" in both the causes of action and prayer for damages, and any references to his right to reassignment and/or leave under the MOU. References to these issues should not form the basis of Plaintiff's claims or be alleged in support thereof.

Plaintiff's proposed SAC shall be filed within twenty (20) days of the date of service of this order. After the Court reviews the SAC, it will rule on Plaintiff's Motions to Amend and Remand the Action.

IT IS SO ORDERED.

Dated:   **March 30, 2009**                    _____/s/ **Dennis L. Beck**_____
                                                        UNITED STATES MAGISTRATE JUDGE

5