# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK REYNA, | ) | 1:09cv070 AWI DLB |
| | ) | |
| | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | MOTION TO AMEND |
| Plaintiff, | ) | (Document 10) |
| | ) | |
| v. | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | MOTION TO REMAND ACTION |
| GALLO WINERY, | ) | (Document 11) |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On February 6, 2009, Plaintiff Mark Reyna ("Plaintiff") filed the instant Motions to Amend the Complaint and Remand the Action. The matter was heard on March 27, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. Mina Ramirez appeared on behalf of Plaintiff. Katherine Boyd appeared on behalf of Defendant Gallo Winery ("Defendant").

**BACKGROUND**

Plaintiff filed the underlying employment action in Stanislaus Superior Court on July 23, 2008. Defendant removed the action to this Court on January 8, 2009, based on Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 141, et seq. ("LMRA"). Defendant answered the complaint on January 13, 2009.

1

On February 6, 2009, Plaintiff filed Motions to File a First Amended Complaint and Remand the Action. His Motion to Remand is predicated on the assumption that the Court will grant his Motion to Amend.

Defendant opposed the motions on March 13, 2009, and Plaintiff filed his replies on March 20, 2009.

After the hearing, the Court ordered Plaintiff to submit another proposed First Amended Complaint. By order dated March 30, 2009, the Court explained that removal jurisdiction existed at the time of removal, and that Plaintiff's proposed First Amended Complaint did not clearly establish that his claims were based on state statutory law rather than beach of contract.

On April 17, 2009, Plaintiff filed his First Amended Complaint.

**ALLEGATIONS AND CAUSES OF ACTION IN FIRST AMENDED COMPLAINT**

According to the proposed First Amended Complaint, Plaintiff was employed with Defendant from 2000 to 2006, and received positive reviews during this time. He suffered wrist injuries on the job in August 2001 and was put on light duty and given partial permanent disability.

In August 2002, he qualified and was certified for leave under the California Family Rights Act, Cal. Gov. Code § 12945.2 ("CFRA"). Thereafter, Defendant made it difficult for Plaintiff to take his leave and unilaterally restricted his leave to preauthorized doctor's appointments.

In 2005, Plaintiff married Barbara Williams, who also worked for Defendant. She was diagnosed with cancer and Plaintiff received medical leave to care for her. After being off for a month, Plaintiff returned to work under a new team leader who he alleges intentionally assigned him tasks that he could not do. On numerous occasions, Plaintiff requested time off after caring for his wife or working many days in a row. His requests were refused and he was forced to perform tasks that his team leader knew he could not do. On two occasions, Plaintiff attempted to perform the tasks but left after he could not do so. Plaintiff alleges that Defendant's assignment of risky and dangerous jobs was done in retaliation for taking lawful medical leave.

On August 23, 2006, Plaintiff was called to the office to discuss "family medical leave fraud" and his work badge was taken.

Based on these allegations, Plaintiff states causes of action for (1) termination in violation of public policy (CFRA); (2) employment discrimination in violation of the California Fair Employment and Housing Act, Cal. Gov. Code § 12900, et seq. ("FEHA"); (3) intentional infliction of emotional distress; (4) violations of CFRA involving discrimination, interference and retaliation for taking family leave; (5) failure to take reasonable steps to end discrimination under FEHA; and (6) prohibited business practices under Cal. Bus. & Prof. Code § 17200, et seq.

Plaintiff requests monetary damages and injunctive relief.

## DISCUSSION

A.  Plaintiff's Motion to Amend

    1.  *Legal Standard*

Federal Rule of Civil Procedure Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit has summarized these factors to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir. 1984). Granting or denial of leave to amend rests in the sound discretion of the trial court. Swanson v. United States Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996). Despite the policy favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

    2.  *Section 301(a) Preemption*

To determine whether Plaintiff's amendment would be futile, a discussion of preemption is necessary.

Section 301(a) of the LMRA establishes federal jurisdiction for "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Federal law governs suits for breach of a CBA under the LMRA, which therefore completely preempts any state cause of action for breach thereof. Franchise Tax Bd. Of State of Cal. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 23 (1983); Cook v. Lindsay Olive Growers, 911 F.2d 233, 237 (9th Cir.1990). "Even suits based on torts, rather than on breach of collective bargaining agreements, are governed by federal law if their evaluation is 'inextricably intertwined with consideration of the terms of [a] labor contract.'" Miller v. AT & T Network Systems, 850 F.2d 543, 545 (9th Cir.1988) (quoting Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985)).

The LMRA does not, however, preempt the application of a state law remedy when the "factual inquiry [under the state law] does not turn on the meaning of any provision of a collective bargaining agreement." Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399, 407 (1988).[1] Thus, claims that only "tangentially involv[e]" a provision of a collective-bargaining agreement are not preempted by section 301 . . . Nor are causes of action which assert "'nonnegotiable state-law rights . . . independent of any right established by contract.'" Miller v. AT & T Network Sys., supra, 850 F.2d at 546.

In Miller, 850 F.2d at 548, the court articulated the following analysis for determining whether claims based on "nonegotiable" and "independent" state law rights are subject to preemption:

> The court must consider (1) whether the CBA contains provisions that govern the actions giving rise to a state claim, and if so, (2) whether the state has articulated a standard sufficiently clear that the state claim can be evaluated without considering the overlapping provisions of the CBA, and (3) whether the state has shown an intent not to allow its prohibition to be altered or removed by private contract. A state law will be preempted only if the answer to the first question is 'yes,' and the answer to either the second or third is 'no.'

---

[1] The issue in *Lingle* was "whether an employee covered by a collective-bargaining agreement that provides her with a contractual remedy for discharge without just cause may enforce her state law remedy for retaliatory discharge." *Lingle*, 486 U.S. at 401. Reversing the court of appeals' finding of preemption, the Court noted that the elements constituting retaliatory discharge under Illinois law pertained to the conduct of the employee and the conduct and motivation of the employer. To defend against a retaliatory discharge claim, an employer must show that it had a nonretaliatory reason for the discharge; this purely factual inquiry does not turn on the meaning of any provision of a collective-bargaining agreement. *Id*. at 407.

Following this body of authority, the Ninth Circuit has explicitly recognized that a claim is not preempted by Section 301 if it merely requires reference to, as opposed to interpretation of, the provisions of a CBA. See, e.g., Beals v. Kiewit Pacific Co., Inc., 114 F.3d 892, 895 (9th Cir.1997); Associated Builders & Contractors, Inc. v. Local 302 Int'l Brotherhood of Electrical Workers, 109 F.3d 1353, 1357 (9th Cir.1997); Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 749 (9th Cir.1993) ("Fox errs in equating 'reference' with 'interpret'").

The Ninth Circuit has also held on several occasions that the LMRA does not preempt discrimination claims under FEHA in that the rights created thereunder are non-negotiable and independent of rights under a CBA. See Ramirez v. Fox Television Station, Inc., supra, (finding no preemption of a FEHA national origin discrimination claim); Cook v. Lindsay Olive Growers, 911 F.2d 233, 240 (9th Cir.1990) (finding no preemption of a FEHA religious discrimination claim); Jackson v. Southern Cal. Gas Co., 881 F.2d 638, 644 (9th Cir.1989) (finding no preemption of a FEHA racial discrimination claim); Chmiel v. Beverly Wilshire Hotel Co., 873 F.2d 1283, 1286 (9th Cir.1989) (finding no preemption of a FEHA age discrimination claim); Ackerman v. Western Elec. Co., Inc., 860 F.2d 1514, 1517 (9th Cir. 1988) (finding no preemption of disability discrimination claim under FEHA, despite a broad provision in the CBA prohibiting discriminatory discharge, where resolution of state law claim did not require reference to terms of the CBA).

Recognizing the lack of a black and white rule, the Ninth Circuit has commented,

> The demarcation between preempted claims and those that survive § 301's reach is not, however, a line that lends itself to analytical precision. As the Supreme Court acknowledged in Livadas, "[T]he Courts of Appeals have not been entirely uniform in their understanding and application of the principles set down in Lingle and [Allis-Chalmers]." Id. at 124 n. 18, 114 S.Ct. 2068. And little wonder. "Substantial dependence" on a CBA is an inexact concept, turning on the specific facts of each case, and the distinction between "looking to" a CBA and "interpreting" it is not always clear or amenable to a bright-line test. See Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1108-09 (9th Cir.2000); Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 748 (9th Cir.1993). Nevertheless, the interpretive principles the Supreme Court has articulated help guide us through the analytical thicket.

Cramer v. Consolidated Freightways, Inc., 255 F.3d 683, 690 (9th Cir. 2001).

3.   *Analysis*

The allegations in Plaintiff's First Amended Complaint are not preempted by section 301. Plaintiff has deleted all references to his rights under the Collective Bargaining Agreement, such as his right to union representation, and has deleted references to an alleged breach of contract. As alleged, Plaintiff's First Amended Complaint contains causes of action under state statutory and common law. To the extent that he references Defendant's refusal to reassign him, he does so to support his allegations of retaliation. Any involvement of the CBA would be tangential at best and would not create preemption.[2]

Therefore, Plaintiff's proposed amendment would not be futile and his Motion to Amend is GRANTED.

B.   Plaintiff's Motion to Remand

By statute "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking to invoke federal jurisdiction, bears the burden of establishing jurisdiction. See Indus. Tectonics, Inc. v. Aero Alloy, 912 F. 2d 1090, 1092 (9th Cir. 1990).

Removability is determined at the time the notice of removal was filed. Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1934). If the case was removable at that time, plaintiff cannot thereafter oust the federal court of jurisdiction by voluntarily changing the case so as to destroy the ground upon which removal was based. Hill v. Rolleri, 615 F.2d 886, 889 (9th Cir. 1980). When the federal claims have dropped out of the lawsuit in its early stages and only state law claims remain, it may be an abuse of discretion for the federal district court to retain the case. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988).

---

[2] Plaintiff also requests damages based on "breach of implied agreement" between Plaintiff and Defendant. While such a claim may indirectly involve the collective bargaining agreement, it does not appear to be related to any allegations in the First Amended Complaint and will not prevent the Court from remanding the action.

6

As Plaintiff's federal claims have been deleted early in this action, sound exercise of this Court's discretion requires that the action be remanded to state court. Therefore, Plaintiff's Motion to Remand is GRANTED and this action is REMANDED to the Stanislaus Superior Court.

## **ORDER**

1. Plaintiff's Motion to Amend is GRANTED; and
2. Plaintiff's Motion to Remand is GRANTED. This action is REMANDED to the Stanislaus Superior Court for all further proceedings.

IT IS SO ORDERED.

Dated: **April 24, 2009**          **/s/ Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE